Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence MODIFIES IN PART and AFFIRMS IN PART the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant.
3. Defendant is self-insured.
4. Plaintiff's average weekly wage, as determined by the Form 22 submitted by defendant, was $382.48, yielding a weekly compensation rate of $255.00.
5. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant on 9 January 1996, which resulted in an injury to her left knee.
6. Plaintiff was paid temporary total disability compensation for 14 5/7 weeks from 10 January 1996 through 21 April 1996.
7. Plaintiff was paid temporary partial disability compensation for 30 3/7 weeks from 22 April 1996 through 20 November 1996.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was sixty-seven years old. She has been employed by defendant for twenty years as a spinner, which is primarily a standing job and requires a great deal of walking.
2. On 9 January 1996 at approximately 11:00 p.m., plaintiff sustained an admittedly compensable injury by accident when she fell on ice on a walkway outside defendant's plant. She was taken to Lincoln County Hospital Emergency Room where her hip and knee were x-rayed and she was put in an immobilizer from hip to ankle after a nondisplaced fracture of the left tibia at the knee level was found.
3. Defendant sent plaintiff to Dr. Scott Sherrill, an orthopaedic surgeon who treated plaintiff's knee injury. Within a couple of weeks after the injury by accident, plaintiff also began to notice and complain of swelling in her left ankle and foot, but initially her knee injury was the most acute and disabling. As testified by Dr. Sherrill, ankle swelling is quite common with knee and leg fractures accompanied by immobilization. He did not treat her ankle. Plaintiff reached maximum medical improvement regarding her left knee on 6 May 1996 when she was released by Dr. Sherrill. She sustained a fifteen percent permanent partial impairment to her left knee as a result of the injury by accident.
4. As a result of the injury by accident, plaintiff was unable to work from 10 January 1996 through 21 April 1996. On 22 April 1996, plaintiff returned to light duty work sitting down for four hours per day. She eventually returned to work full-time threading leases, which did not require her to stand.
5. Plaintiff continued to have pain and swelling in her left ankle, and was first seen by Dr. William Hodges Davis on 9 October 1996 after she initially treated with Dr. Davis' partner on 29 August 1996. Dr. Davis is an orthopaedic surgeon who specializes in foot and ankle problems. At that time, plaintiff was having more problems with her ankle and foot than with her knee.
6. An MRI showed a big cyst in the center of the ankle portion of plaintiff's tibia. Arthroscopic surgery performed on 14 April 1997 also revealed a hole in the tibia. Plaintiff's condition was diagnosed as an osteochondral lesion of the left foot. Plaintiff's foot and ankle condition improved after the surgery. She last saw Dr. Davis on 9 July 1997 when she reached maximum medical improvement regarding her left foot and ankle.
7. Dr. Sherrill testified, and the Full Commission finds, that because Dr. Sherrill did not see the plaintiff's osteochondral lesion, any testimony he could give regarding its causation would be purely speculative.
8. Based upon the testimony of Dr. Davis and the record as a whole, the Full Commission finds that the plaintiff's left foot and ankle injury was either caused or aggravated by the 9 January 1996 accident. As a result of the injury by accident, she sustained an eighteen percent (18%) permanent partial disability of her left foot and a fifteen percent (15%) permanent partial disability to her left leg.
9. As a result of plaintiff's ankle injury, she was unable to earn wages with the defendant or in any employment from 10 January 1997 through 24 August 1997.
10. As a result of the 9 January 1996 injury by accident, plaintiff has permanent restrictions for a sedentary, sit-down job. Plaintiff returned to work for defendant on 25 August 1997 as a spinner, which is a sit-down job.
***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's left foot and ankle injury, as well as her left knee injury, were causally related to her admittedly compensable 9 January 1996 injury by accident. N.C. Gen. Stat. § 97-2(6)
2. As a result of the 9 January 1996 injury by accident, plaintiff was temporarily and totally disabled for the additional time period from 10 January 1997 through 24 August 1997 and is therefore entitled to compensation at the rate of $255.00 per week for that period. N.C. Gen. Stat. § 97-29.
3. Plaintiff sustained an eighteen percent (18%) permanent partial disability to her left foot as a result of the 9 January 1996 injury by accident, and is therefore entitled to compensation at the rate of $255.00 per week for 25.9 weeks. N.C. Gen. Stat. § 97-32(14). Plaintiff also sustained a fifteen percent (15%) permanent partial disability to her left leg as a result of the 9 January 1996 injury by accident and is entitled to 30 weeks of compensation. The medical records of Dr. Sherrill correcting plaintiff's disability rating were stipulated into evidence at the Full Commission hearing. N.C. Gen. Stat. § 97-31(15).
4. Plaintiff is entitled to have the defendant provide all medical compensation arising from this injury by accident. N.C. Gen. Stat. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the rate of $255.00 per week for the period from 10 January 1997 through 24 August 1997. This compensation has accrued and shall be paid in a lump sum, subject to the counsel fee hereinafter approved. Defendant shall pay plaintiff the difference between the compensation rate of $255.00 and the amount upon which her previously paid temporary total disability compensation was based if the former is greater.
2. Defendant shall pay plaintiff permanent partial disability at the rate of $255.00 per week for 55.9 weeks for the eighteen percent (18%) permanent partial disability to her foot and fifteen percent (15%) permanent partial disability to her leg in a lump sum and subject to the counsel fee hereinafter approved.
3. An attorney's fee in the amount of twenty-five percent of the above compensation is approved and shall be deducted from the amount due to the plaintiff and paid directly to the plaintiff's counsel by defendant.
4. Defendant shall pay plaintiff an additional eight percent (8%) interest on the award by the Deputy Commissioner. Defendant is not obligated to pay interest on the fifteen percent (15%) permanent partial disability award of the Full Commission.
5. Defendant shall pay all medical compensation arising from this injury by accident.
6. Defendant shall pay the costs.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, Jr. CHAIRMAN
S/_____________ THOMAS J. BOLCH COMMISSIONER